USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 0 2 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMES E. MCMILLAN,

                    Plaintiff,

-v-

LISCO HOLDINGS L.L.C.,

                    Defendant.

------------------------------------------------------------X

13 Civ. 4569 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

This is a landlord-tenant dispute cloaked in federal law that should properly be heard in state court. Plaintiff James E. McMillan filed a Complaint in this Court on July 1, 2013, invoking the jurisdiction of this Court pursuant to the Americans with Disabilities Act of 1990 and alleging claims based on New York City Civil Court landlord-tenant proceedings between the parties due to Plaintiff's alleged failure to pay rent. (ECF No. 2.)

On September 17, 2013, Defendant Lisco Holdings L.L.C. moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 19.) For the reasons stated below, Defendant's Motion to Dismiss the Complaint is GRANTED.

## BACKGROUND

Plaintiff, a tenant of an apartment operated by Defendant, alleges that Defendant committed various wrongs against him from 2006 to 2011, including locking him out of his building and denying him access to the building; frivolously

suing him for nonpayment of rent; frivolously alleging that his apartment is his non-primary residence; refusing to renew his lease; and refusing to accept his rent for approximately 18 months. (Complaint 1–2, ECF No. 2.) Plaintiff also claims that Defendant offered him $107,000 to move out of his apartment. (Id. at 2.) Plaintiff further states that Defendant has taken these actions because he is disabled and pays low rent, and that Defendant generally wants to remove low-rent-paying seniors and disabled people from its property. (Id.) Plaintiff seeks money damages in the amount of $107,000, attorneys' fees, and a permanent injunction against Defendant to prevent it from taking similar actions in the future. (Id.)

This is the second time Plaintiff has sued Defendant in the Southern District of New York. See McMillan v. Lisco Holdings, LLC et al., 12 Civ. 6508 (JMF). Judge Furman dismissed the prior case sua sponte in 2012 for lack of subject-matter jurisdiction because Plaintiff's claims lacked a federal question and properly belonged in Housing Court. (Order of Dismissal, Aug. 28, 2012, ECF No. 5.)

Defendant has also instituted a currently pending New York City Civil Court proceeding against Plaintiff. Lisco Holdings, LLC v. James Earl McMillan, III, Index No. L&T 067444/11.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint sua sponte where Plaintiff presents no meritorious issue. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995).

The Court is "obligated to construe a pro se complaint liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret pro se complaints to "raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (1994). Nonetheless, "this standard is not without limits, and all normal rules of pleading are not absolutely suspended." Stinson v. Sherriff's Dep't of Sullivan Cnty., 499 F. Supp. 259, 262 (S.D.N.Y. 1980).

## DISCUSSION

The Court lacks jurisdiction to hear Plaintiff's claims, because the Complaint presents neither a federal question nor diversity of citizenship. Instead, the Complaint relates directly to a landlord-tenant dispute that is already the subject of a pending New York City Civil Court proceeding.

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (Section 1331) or when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000 (Section 1332). Any party or the Court sua sponte may raise the question of whether the Court has subject matter jurisdiction at any stage of the proceedings. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Fed. R. Civ. P. 12(h)(3).

3

Plaintiff does not attempt to invoke the diversity jurisdiction of this Court. Nor could he; Plaintiff is a resident of New York, and Defendant is incorporated under the laws of New York and does its business in New York. (See Compl. 1.)

Rather, Plaintiff attempts to invoke the federal question jurisdiction of this Court. To invoke federal question jurisdiction under Section 1331, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2013). Such jurisdiction is proper "only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975) (emphasis added). Here, Plaintiff's claim is simply a restatement of his argument in his Housing Court action that Defendant is improperly "refusing to accept the rent" and "trying to drive [him] out of [his] apartment" due to unpaid rent. (See Compl. 2.)

Plaintiff's Housing Court claims properly belong in state court, where a pending action already exists. "Landlord/tenant disputes concerning failure to pay rent . . . do not implicate, in any way, federal rights. Moreover, the state of New York has, through its legislature and its courts, developed a system of administering its law governing possession of real estate which is both fair and efficient." Glen 6 Assocs. v. Dedaj, 770 F. Supp. 225, 228 (S.D.N.Y. 1991); see also United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) ("Time and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court.").

4

Mere invocation of the "Americans with Disabilities Act" and "Discrimination and Harassment" (see id. at 1), without an underlying federal law claim, cannot create federal subject matter jurisdiction. Plaintiff's Complaint claims that Defendant wants him to "move off because [he is] disable[d]," but he alleges no violation of the statute other than Defendant's refusal to accept his rent—thus again emphasizing that his Complaint is a prototypical landlord-tenant housing dispute. (See id. at 1–2.) Because his Complaint is nothing more than a state court claim "recloaked in constitutional garb," his invocation of federal law is insufficient to confer jurisdiction. Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

While the Court may allow a pro se plaintiff leave to amend his complaint under Fed. R. Civ. P. 15, the Court may deny such leave if it determines that such an amendment would be futile. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 124–25 (2d Cir. 2011). Here, the Court finds that it would be futile to allow Plaintiff to amend his Complaint and that the New York City Civil Court is the proper court to adjudicate Plaintiff's claims. Therefore, Plaintiff is denied leave to amend the Complaint.

Furthermore, because Plaintiff has now twice filed similar Complaints and has twice met with dismissal for lack of jurisdiction, the Court enjoins Plaintiff from filing any new lawsuits related to the New York City Civil Court landlord-and-tenant issues without prior leave of this Court.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED for lack of subject matter jurisdiction. The Clerk of Court is directed to close the motion at ECF No. 19 and to terminate the case.

The initial pretrial conference that was scheduled for Friday, October 4, 2013, at 4:30 p.m., is adjourned.

SO ORDERED.

Dated: New York, New York
        October 2, 2013

_____
KATHERINE B. FORREST
United States District Judge

6